IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
WENDELL COLEMAN,                )
                                )
        Plaintiff,              )
                                )
    v.                          )    Civil Action No. 05-0033
                                )
JO ANNE B. BARNHART,            )    Judge McVerry
Commissioner of                 )    Magistrate Judge Hay
Social Security,                )
                                )
        Defendant.              )
```

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss (dkt. no. 4) filed by the Defendant be granted.

II. REPORT

Presently before the court is the motion by the Commissioner of Social Security ("Commissioner") for dismissal of the above entitled action on the grounds that the action was filed in an untimely manner. The court ordered Plaintiff to respond to the motion; no response has been filed. For the reasons that follow, the district court should grant the Commissioner's motion.

According to the Declaration of Robin M. Marquis, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Hearings and Appeals, Social

Security Administration ("Marquis Decl."), Plaintiff submitted an application for disability insurance benefits, which was denied at the initial and reconsideration levels of review.  Plaintiff requested a hearing before an administrative law judge ("ALJ").  Id.  The ALJ conducted a hearing and issued a decision denying Plaintiff's application on July 30, 2004.  Id. at Ex. 1.  Thereafter, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council, which denied the request on October 6, 2004.  Id. at Ex. 2.  The Appeals Council mailed its denial notice to Plaintiff and his attorney.  Id.  The denial notice informed Plaintiff of his right to commence a civil action within sixty days from the date of receipt of the notice.  Id.  The Appeals Council's denial of Plaintiff's request for review rendered the ALJ's decision the "final decision" of the Commissioner.  20 C.F.R. § 404.981.

The denial notice also indicated that the Appeals Council would presume Plaintiff received a copy of the notice within five days of the date of the notice.  Id.  The notice also instructed Plaintiff to request an extension of time from the Appeals Council if he needed more than sixty days to file his complaint.  Id.  Thus, absent a request to extend the filing

deadline, Plaintiff was required to file his complaint in federal court by December 10, 2004.

Plaintiff filed the above entitled action on January 12, 2005. There is no evidence that Plaintiff requested additional time from the Appeals Council. As the Supreme Court has recognized, the sixty-day limitation serves a practical function: "[i]n addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen v. City of New York, 476 U.S. 467, 481 (1986).

Although the Commissioner has the authority to toll the sixty day limitations period, he will only extend the time upon a showing of good cause by the complainant. See 20 C.F.R. § 404.982. The courts should not exercise their equitable powers to toll the time period unless "deference to the agency's judgment is inappropriate." City of New York, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).

We note that because a statute of limitations constitutes a condition on the waiver of sovereign immunity, it must be strictly construed. Block v. North Dakota, 461 U.S. 273, 287 (1983).

3

Here, Plaintiff filed his complaint ninety-eight days after he received notice of the Commissioner's final decision. There is no evidence demonstrating that Plaintiff ever requested, or that the Commissioner ever granted, and extension of time. The court has been presented with no conditions, and we can perceive none, to justify equitable tolling of the sixty-day statute of limitations.

III. CONCLUSION

For the above stated reasons, the district court should grant the Commissioner's motion and dismiss the action as untimely.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 31 August, 2005

```
cc:   Hon. Terrence F. McVerry
      United States District Judge

      Karl E. Osterhout, Esquire
      10526 Old Trail Road
      North Huntington, PA 15642

      Jessica Lieber Smolar
      Assistant U.S. Attorney
      U.S. Post Office & Courthouse
      700 Grant Street, Suite 400
      Pittsburgh, PA 15219
```